UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
VINCENT ALAIMO, SUSAN ALAIMO
MINETTE ALAIMI, Jointly and Severally

                    Plaintiffs         07 Civ. 7625 (KMK)

RONALD COHEN, ESQ. and            **MEMORANDUM OF**
RONALD COHEN, Jointly and Severally         **LAW**

                    Defendants.
-------------------------------------------------X

Defendant RONALD COHEN, submits this memorandum in support of his motion to dismiss and/or for summary judgment.

STATEMENT OF FACTS

Plaintiffs pro se are suing defendant arising out of his alleged failure to obtain damages for them against General Motors Corporation, Robert Folchetti and/or Klein and Folchetti. Plaintiffs further allege that defendant breached a written retainer agreement to provide professional services.

Plaintiffs received defendant's professional services, i.e., his review of the trial record in plaintiffs' action in Sullivan County against General Motors Corporation, filing of a Notice of Appeal, attending a pre-argument conferences, review of the Sullivan County trial record, drafting an appellate brief, organizing

the Record on Appeal and opining and plaintiffs had no case against Robert Folchetti and/or Klein and Folchetti.

Plaintiffs, pro se, perfected the appeal defendant Noticed after advising all parties to that appeal, including the Appellate Division and defendant had been discharged as their attorney and, in fact, had been "suspended", the latter being a completely false and defamatory statement.

## ARGUMENT

*Failure to Satisfy the Amount in Controversy for Diversity Jurisdiction*

Plaintiffs, individually or collectively, cannot satisfy the amount in controversy, 28 U.S.C. §1332(a), as the essence of their $1-million dollar damage claim is the failure to obtain damages from General Motors Corporation arising from the February 1995 incident. Plaintiffs do not and cannot plead a justiciable claim to satisfy the amount in controversy limitation.

Plaintiffs' $1-million dollar claim arises solely and entirely out of a claim that they are due damages from General Motors and that the alleged failure to obtain damages from General Motors is the "proximate" cause of their asserted damage. As a matter of law, the claim against General Motors cannot be re-litigated in this so it is "a legal certainty" that plaintiffs cannot establish the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S.

283. 288-9 (1938). This admittedly high burden is carried in the instant case because the Plaintiffs' pleading asserts damages inextricably linked with the failed General Motors litigation.

*General Motors Case Cannot be Re-litigated*

Plaintiffs loss of the General Motors case cannot be re-litigated in the federal courts as such a litigation that would result in a different outcome on the merits already found against plaintiffs would violate principles of comity and the Rooker-Feldman doctrine.

Rooker-Feldman

The instant case, essentially a demand that this Court reject the decisions made by the Sullivan County jury and the Third Department, is barred by Rooker-Feldman.

> Under the **Rooker-Feldman** doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 84 (2d Cir.2005) (citing, *inter alia, Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362(1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). The **Rooker-Feldman** doctrine " 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

of those judgments.' " *Hoblock,* 422 F.3d at 85 (quoting *Exxon Mobil,* 544 U.S. at 284). [1]

This is transparently a case "brought by state-court losers complaining of injuries caused by state-court judgments".

Collateral Estoppel

Plaintiffs raised, litigated and lost their damage action against General Motors in the state-courts and may not seek to relitigate those issues in this Court.  Plaintiffs are barred from re-litigate the damage issue against General Motors.  "[T]hough the federal courts may look to the common law or to the policies supporting *res judicata* and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so [.]" *Allen v. McCurry,* 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738)).

Legal Malpractice

To state a claim for legal malpractice requires showing of (1) negligence of the attorney, (2) that was the proximate cause of the loss sustained, and (3) proof of actual damages.  *Prudential Ins. Co. of America v. Dewey, Ballantine, Bushby,*

---

[1] *Clinton v. Broom County Department of Social Services,* 2007 WL 2403199 (N.D.N.Y.) at *2.

*Palmer & Wood,* 170 A.D.2d 108, 114, 573 N.Y.S.2d 981 (1991); *aff'd* 80 N.Y.2d 377, 590 N.Y.S.2d 831, 605 N.E.2d 318 (1992)); *Keywell Corp. v. Piper & Marbury L.L.P.,* 51 Fed.Appx. 337, 341 (2d Cir.2002) (affirming summary judgment on legal malpractice claim where plaintiff "has not produced any evidence of damages flowing from the 1990 representation.").

In order to prove legal malpractice against an appellate counselor the plaintiff would have to prove – which they cannot possibly do – that (a) they would have prevailed on appeal; and (b) they would prevail in the underlying litigation. *Suffolk Avenue Car Wash & Lube, Inc. v. Oberman*, 256 A.D.2nd 75 (1st Dept. 1998). Damages based on the payment of attorney's fees – just as the loss of an appeal bond – are not recoverable for allegedly failing to perfect the appeal.

<u>Summary Judgment/Dismissal</u>

Plaintiffs' claims of legal malpractice, damages consequent to the loss of the General Motors litigation in Sullivan County and the Third Department fail to state a legal claim upon which relief may be granted. These claims are precluded by Rooker-Feldman, by collateral estoppel and they fail to state a claim of legal malpractice and should be dismissed.

Plaintiffs do not, without counting in the damages asserted as arising from the General Motors case, satisfy the jurisdictional amount in controversy minimum and their case should be dismissed for lack of jurisdiction.

Plaintiffs do not present to the Court, in light of defendant's Local Rule 56.1 Statement, issues upon which a trial is warranted and this complaint should be dismissed on summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:    September 20, 2007 | /s/Ronald Cohen/s/ |
|  | Ronald Cohen<br>722 Dock Street<br>Wilmington, North Carolina  24801<br>910 409 4345 |
|  | appeallawy@aol.com |