UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
VINCENT ALAIMO, SUSAN ALAIMO
MINETTE ALAIMI, Jointly and Severally

                      Plaintiffs              07 Civ. 7625 (KMK)

RONALD COHEN, ESQ. and                 **AFFIRMATION**
RONALD COHEN, Jointly and Severally

                      Defendants.
-------------------------------------------------X

RONALD COHEN, a member of the Bar of the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1746 and the penalties of perjury, affirms and says:

1. I am the defendant in the captioned matter.

2. I make this affirmation in support of my motion to dismiss this case and/or for summary judgment.

3. I make all my statements on the basis of personal knowledge.

4. Issue has been joined in this case. (See Docket Entries 1 and 2, respectively the Complaint and Answer).

FACTS

5. I have filed contemporaneously a Local Rule 56.1 statement which is incorporated herein by referenced.

6. In summary, plaintiffs are disappointed litigants who were represented at trial in Sullivan County by the firm of Klein & Fochetti in a personal injury action arising from an automobile accident involving Vincent Alaimo's losing control of his Chevy Blazer vehicle on an icy road, going off road and striking a tree.

7. The Appellate Division Third Department[1] wrote:

> In February 1995, plaintiff Vincent Alaimo (hereinafter plaintiff) was severely injured when his 1995 Chevrolet Blazer, manufactured by defendant General Motors Corporation (hereinafter defendant), went out of control and collided with a tree. Plaintiff contended that its airbag failed to properly deploy, thereby exacerbating his injuries. Plaintiff and his wife, derivatively, thereafter commenced this action sounding in products liability and breach of warranty. A jury unanimously concluded that the vehicle was not defective. Upon the dismissal of the complaint, plaintiffs appealed.

8. The Third Department's affirmance constitutes a final decision on the merits of any claim against General Motors.

9. As there is no claim against General Motors it ineluctably follows that there is no claim that derives from alleged failure to obtain a damage judgment against General Motors arising from the February 1995 incident.

---

[1] *Alaimo v. General Motors Corporation*, 32 A.D.3rd 627 (3rd Dept. 2006)

10. Defendant agreed, for consideration never paid, to take an appeal to the Appellate Division Third Department, filed Notice of Appeal and attended a pre-appeal conference.

11. Plaintiffs, in or about November 2005, failed and refused to keep their financial commitments, failed to provide expense funds or filing fees.

12. Plaintiffs financial default caused the termination of the attorney-client relationship but not until plaintiffs received considerable professional services, consultations, review of the enormous record of the Sullivan County case and a draft brief and record outline from defendant.

13. Defendant spent in excess of 40 hours of professional time in dealing with plaintiffs various legal matters.

14. Plaintiffs, on information and belief, now have pending litigation against all participants, legal and expert, in the General Motors case in the state and federal courts.

15. This litigation is transparently meritless as plaintiffs can show no damages derivative from the General Motors case nor, as to any other claim of damages, actual or sufficient damages to sustain diversity jurisdiction.

16. For these reasons and for the reasons and authorities set out in the accompanying memorandum of law, this case should be dismissed.

Dated:   September 20, 2007          /s/Ronald Cohen/s/
                                     Ronald Cohen
                                     722 Dock Street
                                     Wilmington, North Carolina  24801
                                     910 409 4345

                                     appeallawy@aol.com