UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
VINCENT ALAIMO, SUSAN ALAIMO
MINETTE ALAIMO, Jointly and Severally

                           Plaintiffs           07 Civ. 7625 (KMK)
                                                           **DEFENDANT'S**
RONALD COHEN, ESQ. and                **LOCAL RULE 56.1**
RONALD COHEN, Jointly and Severally    **STATEMENT**

                           Defendants.
-------------------------------------------------X

      Defendant Ronald Cohen, sued herein as Ronald Cohen, Esq., and Ronald Cohen submits this statement pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York to set forth the material facts which defendant contends there are no issues to be tried.

1. That Ronald Cohen, Esq., and Ronald Cohen are one and the same, a natural person.

2. That Ronald Cohen is an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York.

3. That Ronald Cohen prepared three (3) written retainer agreements, Exhibit "A", "B" and "C".

4. That these retainer agreements are fully integrated writings.

5. That plaintiff Susan Alaimo signed a retainer agreement

6. That plaintiff Vincent Alaimo signed a retainer agreement.

7. That plaintiff Minette Alaimo did not sign a retainer agreement.

8. That the retainer agreement was for professional services in connection with an appeal from the Supreme Court Sullivan County to the Appellate Division Third Department.

9. The retainer agreements "A" and "B" were limited to (1) appellate representation; and (2) the investigation of the merits of a non-appellate matter and state, in pertinent part:

   > I hereby agree to represent you in regard to an appeal to the Appellate Division Third Department from a jury verdict finding no liability in the referenced case by the Supreme Court of the State of New York, Sullivan County.

   > I hereby agree to represent you in a legal malpractice action against the referenced attorneys in regard to their conduct of the matter Alaimo v. General Motors Corp. in the Supreme Court of the State of New York, Sullivan County and potentially the matter involving Thomas McNeeley, subject to further investigation.

10. The retainer agreement, Exhibit "C", involves the defense of a claim made against plaintiffs Vincent Alaimo and Susan Alaimo and states, in pertinent part:

    I hereby agree to represent you in a legal action brought against you in Sullivan County.

11. That plaintiff Vincent Alaimo discharged Ronald Cohen as his attorney in or about November 15, 2005. (See, Exhibit "D").

12. That plaintiff Susan Alaimo discharged Ronald Cohen as his attorney in or about November 15, 2005. (See, Exhibit "D").

13. That plaintiff Susan Alaimo in or about November 2005 communicated with the Clerk of the Court of the Supreme Court Appellate Division Third Department and untruthfully indicated that Ronald Cohen had been suspended from the practice of law.

14. That plaintiff Vincent Alaimo in or about November 2005 communicated with the Clerk of the Court of the Supreme Court Appellate Division Third Department and untruthfully indicated that Ronald Cohen had been suspended from the practice of law.

15. That plaintiff Vincent Alaimo in or about November 2005 communicated with Lavin Coleman O'Neil, Ricci, Farinelli & Gray and untruthfully

indicated that Ronald Cohen had been suspended from the practice of law.

16. That plaintiff Susan Alaimo in or about November 2005 communicated with Lavin Coleman O'Neil, Ricci, Farinelli & Gray and untruthfully indicated that Ronald Cohen had been suspended from the practice of law.

17. That in or about November 2005 plaintiffs Susan Alaimo, Vincent Alaimo and Minette Alaimo had received defendant's draft of a brief to be filed in the Appellate Division Third Department. (Exhibit "E").

18. That in or about November 2005 plaintiffs Susan Alaimo, Vincent Alaimo and Minette Alaimo had received the outline of the "Record on Appeal" prepared by defendant to be part of defendant's submission to the Appellate Division Third Department. (Exhibit "F").

19. That in or about November 2005 plaintiff Susan Alaimo was in default of her responsibilities under the retainer agreements. (See, Exhibit "D").

20. That in or about November 2005 plaintiff Vincent Alaimo was in default of his responsibilities under the retainer agreements. (See, Exhibits "D".

21. That in or about November 2005 plaintiffs had failed to pay agreed fees, pay necessary litigation expenses, i.e., filing fees and reproduction costs.

22. That on or about November 4, 2005 plaintiff Vincent Alaimo was informed that he had no legally cognizable claim against his former attorneys Folchetti & Klein. (See, Exhibit "G").

23. That on or about November 4, 2005 plaintiff Susan Alaimo was informed that she had no legally cognizable claim against her former attorneys Folchetti & Klein. (See, Exhibit "G").

24. That plaintiffs Susan Alaimo and Vincent Alaimo, pro se, perfected the appeal to the Appellate Division Third Department in the Alaimo v. General Motors case. (See, Exhibit "H").

25. That the jury verdict in favor the General Motors and co-defendants was affirmed. (See, Exhibit "H").

26. That plaintiffs damage flow exclusively from the loss of the General Motors case in Sullivan County.

27. That any action involving a re-trial of the merits of the Sullivan County case is barred by the doctrines of res judicata, collateral estoppel, comity principles and/or the Rooker-Feldman doctrine.

28. That plaintiffs damages do not satisfy the jurisdictional minimum for diversity jurisdiction.

Dated:   September 20, 2007

                                        Respectfully submitted,

                                        Ronald Cohen /s/

                                        Ronald Cohen
                                        722 Dock Street
                                        Wilmington, North Carolina  24801
                                        910 409 4345

                                        appeallawy@aol.com