# EXHIBIT "H"

# EXHIBIT "H"



32 A.D.3d 627 Page 1

32 A.D.3d 627, 820 N.Y.S.2d 170, Prod.Liab.Rep. (CCH) P 17,516, 2006 N.Y. Slip Op. 06177

**(Cite as: 32 A.D.3d 627)**

Alaimo v. General Motors Corp.
N.Y.A.D. 3 Dept.,2006.

Supreme Court, Appellate Division, Third Department, New York.
**Susan ALAIMO** et al., Appellants,
v.
GENERAL MOTORS CORPORATION et al., Respondents.
Aug. 10, 2006.

**Background:** Driver sued automobile manufacturer, seeking damages for injuries sustained when his vehicle collided with tree and its airbag allegedly failed to properly deploy. The Supreme Court, Sullivan County, Clemente, J., entered judgment on jury verdict for manufacturer. Driver appealed.

**Holding:** The Supreme Court, Appellate Division, Peters, J., held that sufficient evidence supported verdict.

Affirmed.
West Headnotes
**[1] Evidence 157 571(6)**

157 Evidence
   157XII Opinion Evidence
      157XII(F) Effect of Opinion Evidence
         157k569 Testimony of Experts
            157k571 Nature of Subject
               157k571(6) k. Nature, Condition, and Relation of Objects. Most Cited Cases

**Products Liability 313A 83.5**

313A Products Liability
   313AII Actions
      313Ak82 Weight and Sufficiency of Evidence
         313Ak83.5 k. Automobiles. Most Cited Cases
Jury verdict finding that airbag was not defective and properly deployed after collision with tree was supported by sufficient evidence, including testimony of automobile manufacturer's experts about airbag design and function under the circumstances.

**[2] Appeal and Error 30 288**

30 Appeal and Error
   30V Presentation and Reservation in Lower Court of Grounds of Review
      30V(D) Motions for New Trial
         30k287 Review of Proceedings at Trial
            30k288 k. In General. Most Cited Cases
Appellant's claims concerning jury's nonverbal postures, facial expressions, attitudes and comments could not be reviewed, since no motion was made to set aside verdict or declare mistrial upon this basis.

**\*\*170 Susan Alaimo** and Vincent Alaimo, Ferndale, appellants pro se.
Lavin, O'Neil, Ricci, Cedrone and DiSipio, New York City (Francis J. Grey Jr. of counsel), for respondents.

Before: CARDONA, P.J., MERCURE, PETERS, SPAIN and CARPINELLO, JJ.
PETERS, J.
**\*627** Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 8, 2005 in Sullivan County, upon a verdict rendered in favor of defendants.

In February 1995, plaintiff Vincent Alaimo (hereinafter plaintiff) was severely injured when his 1995 Chevrolet Blazer, manufactured by defendant General Motors Corporation (hereinafter defendant), went out of control and collided with a tree. Plaintiff contended that its airbag failed to properly deploy, thereby exacerbating his injuries. Plaintiff and his wife, derivatively, thereafter commenced this action sounding in products liability and breach of warranty. A jury unanimously concluded that the vehicle was not defective. Upon the dismissal of the complaint, plaintiffs appealed.

In addressing the assertion that the jury's verdict is against the weight of the evidence, we must determine " whether the evidence so preponderate[d] in favor of the **\*\*171** [plaintiffs] that [the verdict] could not have been reached on any fair interpretation **\*628** of the evidence" (*Lolik v. Big V Supermarkets,* 86 N.Y.2d 744, 746, 631 N.Y.S.2d 122, 655 N.E.2d 163 [1995] [citations and quotation marks omitted] ). Proceeding under a " second collision" theory, plaintiffs contend that as a result of the primary collision into the tree,

plaintiff suffered secondary impacts with the car's interior (*see generally Bolm v. Triumph Corp.,* 33 N.Y.2d 151, 156-159, 350 N.Y.S.2d 644, 305 N.E.2d 769 [1973]; *McEneaney v. Haywood,* 179 Misc.2d 1035, 1037, 687 N.Y.S.2d 547 [1999] ), thereby triggering defendant's liability if the failure of the vehicle's airbag to properly deploy is found to be an " unreasonably dangerous (latent) design defect[ ] which enhance[d] or aggravate [d] [his] injuries" (*Bolm v. Triumph Corp., supra* at 158, 350 N.Y.S.2d 644, 305 N.E.2d 769; *see Collins v. Caldor of Kingston,* 73 A.D.2d 708, 709, 422 N.Y.S.2d 524 [1979] ). Plaintiffs proffered both plaintiff's own testimony and that of Anthony Leone, the first person to respond to the accident. The expert testimony of Erik Carlsson was also presented to support this theory.

[1] Numerous defense experts thereafter testified about airbag design and function under these circumstances. One expert, Brian Everest, reviewed both the physical evidence and lay testimony proffered by plaintiffs to demonstrate that the airbag properly deployed. Thereafter, he specifically addressed each point raised by Carlsson to support his contrary conclusion. Everest emphasized that the entire process from commencement to deflation takes place over the span of about a tenth of a second, that the folds or creases in the airbag observed by plaintiffs' expert remain after deployment and deflation, and that the amount of pressure necessary for the airbag to break through the steering wheel cover contradicted the slow deployment theory that plaintiffs proffered. Everest further explained that proper deployment does not necessarily result in burn marks at the airbag vents or significant powder residue in the air. He also explained how plaintiff's knee injury from contact with the dashboard could occur during proper deployment and opined that the data supplied by the airbag monitoring system fully comported with his opinion. Considering the totality of the evidence presented to the jury, Supreme Court properly determined that the verdict should not be set aside (*see Lolik v. Big V Supermarkets, supra* at 746, 631 N.Y.S.2d 122, 655 N.E.2d 163).

[2] Nor do we find that plaintiffs' generalized comments concerning the jury's nonverbal postures, facial expressions, attitudes and comments warrant a reversal. As no motion was made to set aside the verdict or declare a mistrial upon this basis, our review is precluded (*see* **\*629***Kraemer v. Zimmerman,* 249 A.D.2d 159, 160, 672 N.Y.S.2d 58 [1998] ).[FN1] As to the specific complaints raised regarding particular jurors, the record reflects that one such juror was properly dismissed pursuant to CPLR 4106 (*compare Mark v. Colgate Univ.,* 53 A.D.2d 884, 885-886, 385 N.Y.S.2d 621 [1976] ) and another juror's remarks prompted Supreme Court to counsel the jury on its function. Having reviewed and rejected all of the remaining contentions, which include allegations of unfairness by Supreme Court, also unpreserved for our review (*see* **\*\*172***Matter of Aaron v. Kavanagh,* 304 A.D.2d 890, 891, 757 N.Y.S.2d 361 [2003], *lv. denied* 1 N.Y.3d 502, 775 N.Y.S.2d 239, 807 N.E.2d 289 [2003] ), we affirm.

> FN1. Had the issue been properly before us, we would have concluded, giving due deference to the broad discretion vested in the trial court over matters of this kind (*see Mark v. Colgate Univ.,* 53 A.D.2d 884, 885-886, 385 N.Y.S.2d 621 [1976] ), that there was no basis to disturb the determination rendered.

ORDERED that the judgment is affirmed, without costs.

CARDONA, P.J., MERCURE, SPAIN and CARPINELLO, JJ., concur.
N.Y.A.D. 3 Dept.,2006.
Alaimo v. General Motors Corp.
32 A.D.3d 627, 820 N.Y.S.2d 170, Prod.Liab.Rep. (CCH) P 17,516, 2006 N.Y. Slip Op. 06177

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.