UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

VINCENT ALAIMO, SUSAN ALAIMO, and
MINETTE ALAIMO,

                Plaintiffs,

   -v-

RONALD COHEN,

                Defendant.

Case No. 07-CV-7625 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

     On December 5, 2007, the Court held a pre-motion conference in the above referenced case. During the conference, the Court requested that Plaintiffs write the Court a letter detailing how their Complaint satisfies the $75,000 amount in controversy requirement of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The Court has reviewed Plaintiffs answer to the jurisdiction question, but now finds that it requires some additional information from Plaintiffs.

     In their Complaint, Plaintiffs allege that Defendant committed legal malpractice in their representation of Plaintiffs. "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 338 (2d Cir. 2006) (citing *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 573 N.Y.S.2d 981, 986 (App. Div. 1991)). Negligence is defined as "a failure by the attorney 'to exercise that degree of skill commonly exercised by an ordinary member of the legal community.'" *Nazzaro v. Balber*, No. 05-CV-2172, 2005 WL 2290205, at *6 (S.D.N.Y. Sept. 17, 2005) (quoting *Marshall v. Nacht*, 569 N.Y.S.2d 113, 113 (App. Div. 1991)). "The element of causation is established if,

*but for* the attorney's negligence, the client would not have suffered the actual damages proved." *Id.* (citing *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 118 (2d Cir. 2004)) (emphasis added). Thus, the causation element requires the trial court to determine "'what the appellate court would have done,' using the same standards that the appellate court would have applied." *Ocean Ships, Inc.,* 315 F.3d at 118 (citing *Katsaris v. Scelsi*, 453 N.Y.S.2d 994, 996-76 (Sup. Ct. 1982)).

At the pre-motion conference, Defendant argued that Plaintiffs could not state a claim for legal malpractice. First, Defendant argued that the Complaint does not identify any actual instances of negligence by Defendant on either the General Motors appeal or the independent action against Klein and Folchetti. Second, Defendant observed that despite the fee dispute which severed the attorney-client relationship between Plaintiffs and Defendant, Plaintiffs still were able to file their appeal of the General Motors decision and independently pursue the action against Klein and Folchetti (an action which Defendant advised Plaintiffs was meritless). More importantly, however, Defendant argued that Plaintiffs presented no allegation in their Complaint – and could not present any allegation in their Complaint -- that 'but for' the alleged negligence of Defendant, Plaintiffs would have won their cases against General Motors and/or Klein and Folchetti – a necessary element of a legal malpractice claim.

In light of the foregoing, the Court ORDERS Plaintiffs to respond to Defendant's Motion to Dismiss for failure to state a legal malpractice claim within forty-five days of this Order. Plaintiffs' response may take the form of a brief or a letter. Plaintiffs are cautioned, however, that their response must address the three elements of a legal malpractice claim as detailed above, and must do so with specificity: conclusory allegations – "legal conclusions masquerading as factual conclusions" – will not be sufficient to survive a motion to dismiss. *See Nazzaro*, 2005

2

WL 2290205, at *7; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

SO ORDERED.

Dated:   April 4, 2008
         White Plains, New York

                                    _____
                                    KENNETH M. KARAS
                                    UNITED STATES DISTRICT JUDGE