UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT ALAIMO et al.,

                        Plaintiffs,

    -v-

RONALD COHEN,

                        Defendant.

Case No. 07-CV-7625 (KMK)

OPINION AND ORDER

---

KENNETH M. KARAS, District Judge:

Plaintiffs Vincent Alaimo, Susan Alaimo, and Minette Alaimo (collectively, "Plaintiffs"), bring this action against Defendant Ronald Cohen, Esq. ("Defendant"), alleging breach of contract, breach of fiduciary duty, and legal malpractice. On November 8, 2007, Defendant moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED, but Defendant's Motion to Dismiss for failure to state a claim is GRANTED.

I. Background

On or about April 22, 2005, Plaintiffs retained Defendant to represent them in a legal malpractice action against Klein and Folchetti, the attorneys who represented Plaintiffs in a products liability and breach of warranty action against General Motors ("GM case"). (Compl. ¶¶ 4-5.)[1] Plaintiffs handed over to Defendant all the documents in their possession relevant to

---

[1] Plaintiffs' Complaint does not describe the facts of the GM case. However, the Court takes judicial notice of the facts as laid out in the Appellate Division decision addressing Plaintiffs' appeal of the jury verdict in the GM case:

the case and paid Defendant a retainer fee of $3,580.00. (*Id*. ¶¶ 6-7.) According to Plaintiffs, Defendant did not properly prosecute the case (*id*. ¶¶ 11, 15, 19, 23), and failed to return the monies paid to him in a prompt and timely manner (*id*. ¶¶ 15, 19, 23).[2]

## II. Discussion

A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that Plaintiffs' Complaint fails to establish a necessary basis for subject matter jurisdiction. In particular, Defendant argues that Plaintiffs have not properly alleged that the amount in controversy is over $75,000 – the threshold required for diversity jurisdiction under 28 U.S.C. § 1332(a).

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6)

---

> In February 1995, plaintiff Vincent Alaimo . . . was severely injured when his 1995 Chevrolet Blazer, manufactured by defendant General Motors Corporation . . . , went out of control and collided with a tree. Plaintiff contended that its airbag failed to properly deploy, thereby exacerbating his injuries. Plaintiff and his wife, derivatively, thereafter commenced this action sounding in products liability and breach of warranty. A jury unanimously concluded that the vehicle was not defective.

*Alaimo v. Gen. Motors Corp.*, 820 N.Y.S.2d 170, 170 (App. Div. 2006).

[2]Other than the claim that Defendant failed to "return money[] paid to him," Plaintiffs' Complaint does not specifically allege what Defendant actually did to harm Plaintiffs. Instead, the Complaint is replete with legal conclusions – rather than factual allegations – about Defendant's conduct. (Compl. ¶ 11 ("Defendant[']s negligence, harassment, def[a]mation, and malpractice to prosecute the suit against Klein and Folchetti . . . constitute[s] a breach of trust, ethics, attorney-client relations, breach of contract, malpractice, as well as aiding all the adversaries.").) Accordingly, on April 4, 2008, the Court issued an Order requesting that Plaintiffs bolster their pleadings with specific allegations of malpractice. *Alaimo et al. v. Cohen*, No. 07-CV-7625, at *2 (S.D.N.Y. Apr. 4, 2008) (hereinafter Order of April 4, 2008). Plaintiffs' response to this Order is addressed below in the Court's discussion of Plaintiffs' legal malpractice claim.

must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). The party claiming jurisdiction "must support the jurisdictional amount with competent proof and justify its allegations by a preponderance of the evidence." *LaSala v. E*Trade Sec. LLC*, No. 05-CV-5869, 2005 WL 2848853, at *3 (S.D.N.Y. Oct. 31, 2005) (internal quotation marks omitted).

Although the plaintiff bears the burden of demonstrating the jurisdictional amount, the burden is "hardly onerous," for it presumes "that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citing *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). To overcome the face of the complaint presumption, the party opposing jurisdiction must show "'to a legal certainty'" that the amount recoverable is below the jurisdictional threshold. *See Wolde-Meskel*, 166 F.3d at 63 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The Second Circuit has "set a high bar for overcoming this presumption," *Scherer*, 347 F.3d at 397, noting that "'the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim,'" *id.* (quoting *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996)).

Here, pro se Plaintiffs allege damages well over the jurisdictional threshold. Although Plaintiffs' breach of contract claim could not on its own meet the jurisdictional threshold, Plaintiffs' malpractice claim is not similarly limited, and the Court aggregates Plaintiffs' claims in determining whether the jurisdictional amount is satisfied. *See Wolde-Meskel*, 166 F.3d at 62 ("When that single plaintiff joins several claims against the defendant, the general rule . . . is that the value of all the claims can be added together – aggregated – in determining whether the requisite jurisdictional amount in controversy has been satisfied." (internal quotation marks omitted)). Because Defendant has not demonstrated the legal impossibility of Plaintiffs recovering an amount beyond the $75,000 threshold, the Court will consider the merits of Plaintiffs' allegations.

B.  Defendant's Motion to Dismiss for Failure to State a Claim

Defendant seeks dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim. The Supreme Court has recently clarified the standard for review on a Rule 12(b)(6) motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In so doing, the Supreme Court abandoned reliance on the oft-quoted refrain from *Conley v. Gibson* that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," 355 U.S. 41, 45-46 (1957). *Twombly*, 127 S. Ct. at 1964-69. Instead, the Court emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965, and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 1969. A plaintiff must allege "enough facts to state a claim to relief that

is plausible on its face." *Id.* at 1974; *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (concluding that *Twombly* requires a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*" (internal quotation marks omitted))

A Rule 12(b)(6) motion to dismiss requires a court to "accept as true the factual allegations made in the complaint and draw all inferences in favor of the plaintiffs." *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998); *see also Blimpie Int'l, Inc. v. Blimpie of the Keys*, 371 F. Supp. 2d 469, 470-71 (S.D.N.Y. 2005). "'In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Glidepath Holding B.V. v. Spherion Corp.*, No. 04-CV-9758, 2007 WL 2176072, at *10 (S.D.N.Y. July 26, 2007) (quoting *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)).

Where a plaintiff is pro se, the plaintiff's submissions to the court are held to a "less stringent standard [] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se plaintiffs are "'entitled to a far more generous reading of their pleadings than would otherwise be afforded to one who is represented by an attorney.'" *Dimps v. Dist. Council 37*, No. 01-CV-1735, 2002 WL 206992, at *2 (S.D.N.Y. Feb. 8, 2002) (quoting *Richardson v. Sec. Unit Employees Council 82*, No. 99-CV-1021, 2001 WL 392089, at *1 (W.D.N.Y. Mar. 27, 2001)).

Plaintiffs allege, in sum and substance, that Defendant harmed them by failing to properly prosecute their malpractice action against the attorneys Klein and Folchetti, and by

failing to properly prosecute the appeal of the GM case.[3] The claims put forward by Plaintiff – sounding in breach of contract, legal malpractice, and breach of fiduciary duty – essentially overlap, stating in different ways that Defendant failed to live up to the professional norms which govern the attorney-client relationship. Under New York law, such claims are treated as duplicative. "New York law holds that, where a breach of contract or breach of fiduciary duty claim is premised on the same facts and seeks relief identical to that sought in a legal malpractice cause of action, such claims are redundant and should be dismissed." *Ciocca v. Neff*, No. 02-CV-5067, 2005 WL 1473819, at *5 (S.D.N.Y. June 22, 2005) (citing *InKine Pharm. Co. v. Coleman*, 759 N.Y.S.2d 62, 63 (App. Div. 2003)); *see also Sonnenschine v. Giacomo*, 744 N.Y.S.2d 396, 398 (App. Div. 2002) ("Plaintiffs' remaining causes of action for breach of contract and fiduciary duty and intentional and negligent misrepresentation allege the same operative facts as the cause of action for legal malpractice, and, accordingly, were also properly dismissed for failure to state a cause of action."); *Sage Realty Corp. v. Proskauer Rose LLP*, 675 N.Y.S.2d 14, 17 (App. Div. 1998) ("[A] breach of contract claim premised on the attorney's failure to exercise due care or to abide by general professional standards is nothing but a redundant pleading of the malpractice claim." (internal citations omitted)). Because Plaintiffs' claims relating to "breach of trust, ethics, attorney-client relations, [and] malpractice" are redundant of Plaintiffs' legal malpractice claim, they are dismissed for failure to state a claim.

---

[3]Plaintiffs' Complaint focuses on Defendant's failure to prosecute the malpractice action against Klein and Folchetti. However, in response to the Court's Order of April 4, 2008, Plaintiffs clarified to the Court that their claim of malpractice against Defendant includes an allegation that Defendant did not properly prosecute the appeal of the judgment in the GM Case in addition to the claim that Defendant did not properly prosecute the malpractice action against Klein and Folchetti. In light of Plaintiffs' pro se status, the Court will construe Plaintiffs' Complaint to allege claims on both grounds.

The single claim remaining is Plaintiffs' claim for legal malpractice. "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; *and* (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006) (citing *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 573 N.Y.S.2d 981, 986 (App. Div. 1991)) (emphasis in original). Negligence is defined as "a failure by the attorney 'to exercise that degree of skill commonly exercised by an ordinary member of the legal community.'" *Nazzaro v. Balber*, No. 05-CV-2172, 2005 WL 2290205, at *6 (S.D.N.Y. Sept. 16, 2005) (quoting *Marshall v. Nacht*, 569 N.Y.S.2d 113, 114 (App. Div. 1991)). "The element of causation is established if, but for the attorney's negligence, the client would not have suffered the actual damages proved." *Id.* (citing *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 118 (2d Cir. 2002)). Thus, in the context of a claim of appellate malpractice, the causation element requires the trial court to determine "'what the appellate court would have done,' using the same standards that the appellate court would have applied." *Ocean Ships, Inc.,* 315 F.3d at 118 (quoting *Katsaris v. Scelsi*, 453 N.Y.S.2d 994, 996-97 (Sup. Ct. 1982)).

Plaintiffs' initial Complaint lacked any specific allegations regarding what Defendant actually did to harm them. Instead, the Complaint was replete with legal conclusions, rather than factual allegations, about Defendant's conduct. (Compl. ¶ 11 ("Defendant[']s negligence, harassment, def[a]mation, and malpractice to prosecute the suit against Klein and Folchetti . . . constitute[s] a breach of trust, ethics, attorney-client relations, breach of contract, malpractice, as well as aiding all the adversaries.").) Accordingly, Defendant initially moved to dismiss the Complaint for failure to state a claim on precisely this point. Rather than dismiss the Complaint

7

outright for failure to state a claim, however, the Court decided to give pro se Plaintiffs an opportunity to supplement their allegations:  On April 4, 2008, the Court issued an Order outlining the elements of a malpractice claim, and requesting that Plaintiffs clarify their pleadings by providing specific allegations responsive to the elements of the claim.  (Order of April 4, 2008.)

On May 19, 2008, Plaintiffs responded to the Court's Order in a written submission accompanied by several exhibits.  (Pls.' Response to Order Dated April 4, 2008 ("Pls.' Response").)  In their Response, Plaintiffs point to several alleged instances of malpractice by Defendant.[4]  For the reasons described below, none of these allegations satisfies the required elements of a legal malpractice claim.

First, Plaintiffs allege that Defendant was provided with various important pieces of evidence that Klein and Folchetti did not submit into the record while conducting the trial in the GM case.  (*Id*. 3-6.)  Plaintiffs state that Defendant was given "the entire documentation, evidence, pictures[,] and transcripts . . . which indicates, in our opinion as well as others, the entire trial was a fraud."  (*Id*. 6.)  Plaintiffs argue that Defendant should have used this additional evidence that was not presented at trial in presenting their appeal (*Id*., Ex. 8 (Email from

---

[4]In light of Plaintiffs' pro se status, the Court reads Plaintiffs' pleadings in more a generous manner than it would papers submitted by litigants represented by an attorney. Accordingly, the Court has reviewed the allegations in Plaintiffs' sprawling Response to the Court's Order of April 4, 2008, along with its accompanying exhibits, and has attempted to isolate those allegations that might form the basis for a claim of attorney malpractice.  The Court reviews those allegations in the pages that follow.  Several of Plaintiffs' allegations, however, do not fit within the contours of an attorney malpractice claim.  For example, Plaintiffs allege that Defendant attempted – unsuccessfully – to alter the Parties' agreement regarding photocopying fees.  (Pls.' Response 8.)  Plaintiffs' Response is replete with allegations of this sort – statements which characterize Defendant as ill-intentioned, but that do not make any cognizable claim.

Defendant to Plaintiffs, Oct. 28, 2005 at 2:31 p.m)), and that his failure to do so amounts to malpractice. Here, Plaintiffs misunderstand the scope of their appeal before the Appellate Division. "Appellate review is limited to the record made at the Supreme Court and, absent matters that may be judicially noticed, new facts may not be injected at the appellate level." *Khan v. State Univ. of N. Y. Health Sci. Ctr. at Brooklyn*, 706 N.Y.S.2d 192, 193 (App. Div. 2000) (citing *Broida v. Bancroft*, 478 N.Y.S.2d 333, 337 (App. Div. 1984)); *see also Gilman v. N. Y. State Div. of Hous. and Cmt'y Renewal*, 782 N.E.2d 1137, 1140 (N.Y. 2002) ("The acceptance of new evidence on appeal is generally contrary to appellate practice simply because it is unfair to allow a party, on appeal, to rewrite the factual record in the proceeding."); *Sacks v. Stewart*, 427 N.Y.S.2d 20, 21-22 (App. Div. 1980) (denying plaintiff-appellant's request that the court take judicial notice of documents not presented at trial, noting that the court is "without authority to go beyond a submitted record save in limited instances"). Therefore, Plaintiffs have failed to plead conduct amounting to attorney negligence based on Defendant's decision to rely on the evidence in the trial record.

Second, Plaintiffs allege that it was legal malpractice for Defendant to have failed to move to vacate the original state court judgment based on "fraud, misrepresentation, or other misconduct of [the] adverse part[ies]." N.Y. C.P.L.R. § 5015(a)(3) ("Section 5015"); (Pls.' Response 2); *see also In re Slater*, 200 B.R. 491, 496-97 (E.D.N.Y. 1996) (noting that Section 5015 is modeled on Federal Rule of Civil Procedure 60(b)(3), which also provides for relief from a final judgment where the judgment was procured by fraud, misrepresentation or other misconduct by an adverse party). Because the adverse party in the underlying case was General Motors, the only allegations of fraud relevant to a potential motion to vacate pursuant to Section

9

5015 relate to fraud allegedly perpetrated by General Motors. Accordingly, Plaintiffs' allegations of fraud against Klein and Folchetti, their attorneys in the GM case, would not be relevant to such a motion.

The thrust of Plaintiffs' allegations against General Motors is that General Motors' attorneys and witnesses lied during the proceedings of the GM case. (Pls.' Response 4.) Obviously, the jury reached a different conclusion. Here, moreover, Plaintiffs have failed to present any specific allegations showing why Defendant's recommendation that Plaintiff appeal the judgment rather than move to vacate the judgment was negligence, particularly where Plaintiffs have not identified any evidence, including evidence discovered after trial, that demonstrates that GM and its witnesses lied. Instead, Plaintiffs have merely declared in a conclusory fashion that Defendant's recommendation to appeal rather than vacate was negligence, essentially presenting a legal conclusion as a factual allegation, which is insufficient by itself to state a claim. *See Nazzaro*, 2005 WL 2290205, at *7; *see also Twombly*, 127 S. Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Even if Plaintiffs' allegations were of greater specificity, however, "[a] complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice.'" *Achtman,* 464 F.3d at 337 (quoting *Rosner v. Paley,* 481 N.E.2d 553, 554 (N.Y. 1985)); *see also Kirk v. Heppt*, 532 F. Supp. 2d 586, 592 (S.D.N.Y. 2008) (same). Here, Plaintiffs have failed to show what evidence Defendant could have cited as proof of

fraudulent conduct by GM during the trial that could have been used as a basis for vacatur of the judgment. Accordingly, Plaintiffs' allegation that Defendant should have moved to vacate the judgment rather than appealed the judgment does not allege the sort of negligent conduct necessary to sustain a claim for legal malpractice.

Moreover, even if Defendant's tactical choice could be seen as negligence – a tenuous allegation at best – Plaintiffs have not put forward any allegations stating why the pursuit of a motion to vacate would have altered the disposition of the case. To plead a claim of attorney malpractice, Plaintiffs must allege that but for Defendant's negligence, Plaintiff would not have suffered the claimed damages. *See Nazzaro*, 2005 WL 2290205, at *6 (citing *Ocean Ships, Inc.*, 315 F.3d at 118). This causation element requires the Court to determine what the reviewing court would have done with the motion to vacate, using the same standards the reviewing court would have applied. *See Ocean Ships, Inc.*, 315 F.3d at 118 (citing *Katsaris*, 453 N.Y.S.2d at 996-97). Here, Plaintiffs have made no allegation – and could make no allegation – that the New York courts would have been sufficiently receptive to the proposed motion to vacate so as to alter the disposition of the GM case.[5] Thus, Plaintiffs have failed to state a claim for attorney malpractice based on Defendant's failure to pursue a motion to vacate pursuant to Section 5015.

Third, Plaintiffs allege that Defendant did not adhere to the "12 page typewritten breakdown . . . as to what Plaintiffs felt went wrong" in the lower court proceeding in

[5]The Court takes judicial notice of the Appellate Division decision rendered in Plaintiffs' appeal of the GM case. In that decision, the Appellate Division credited the evidence presented to the jury by General Motors' witnesses. *See Alaimo*, 820 N.Y.S.2d at 171. In light of the Appellate Division's endorsement of the same witnesses that Plaintiffs accuse of lying on the stand, Plaintiffs' could not in good faith allege that the trial court would have been receptive to the proposed a motion to vacate.

formulating his theory of the case to the Appellate Division. Certain decisions – in particular, those touching on strategic and tactical concerns – are properly considered the province of counsel. *See Hallock v. State*, 474 N.E.2d 1178, 1181 (N.Y. 1984) ("From the nature of the attorney-client relationship itself, an attorney derives authority to manage the conduct of litigation on behalf of a client, including the authority to make certain procedural and tactical decisions." (citing N.Y. Code of Prof'l Responsibility, Ethical Consideration (EC) 7-7, *reprinted* in N.Y. Jud. Law App., at 220 (McKinney 2008)); *Kapeluschnik v. Leschack & Grodensky, P.C.*, No. 96-CV-2399, 1998 WL 35247917, at *4 (E.D.N.Y. Sept. 21, 1998) (noting same, citing *Hallock*).[6] These strategic and tactical decisions include the choice of what arguments to present (or not to present) on appeal. *Cf. Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (noting various policy reasons for holding that a criminal defendant does not have a right to insist that counsel present legal arguments chosen by the defendant); 3 Wayne R. LaFave, et al., Criminal Procedure § 11.6(a) (2007) (noting various trial decisions for which counsel has ultimate

---

[6]In addition, the American Bar Association's Model Rules of Professional Conduct present some rough guidance regarding the respective obligations of attorney and client:

> On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives. Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.

Model Rules of Prof'l Conduct R. 1.2 cmt. 2. Although the commentators of the Model Rules note that the varying nature of attorney-client relationships resists a one-size-fits-all approach to the division of labor, the decision of what arguments to pursue are typically the domain of the attorney, not the client.

authority). Accordingly, Plaintiffs' allegation that Defendant did not include all of Plaintiffs' suggestions in his appellate brief does not amount to an allegation of attorney negligence. Moreover, even if such conduct could be considered negligence, Plaintiffs have not – and could not have – alleged that but for this conduct, the Appellate Division would have changed its decision in the appeal of the GM case.

Finally, Plaintiffs argue that Defendant dithered in making a decision as to whether he would represent Plaintiffs in their attorney malpractice case against Plaintiffs' attorneys in the GM case, Klein and Folchetti. According to Plaintiffs, Defendant was "attempting to divert our attention and continually put off what he was suppose[d] to have ready," prolonging his decision "until it would be too late to file even ourselves." (Pls.' Response 7-8.) Even assuming that the alleged actions leading to this delay constituted negligent conduct, which Plaintiffs' own exhibits refute, Plaintiffs again have not presented any allegation that this alleged delay was the proximate cause of Plaintiffs' alleged losses. *See Ocean Ships, Inc.*, 315 F.3d at 118. Indeed, Plaintiffs do not appear prejudiced by Defendant's refusal to represent Plaintiffs in the malpractice case, as the Court takes judicial notice of the fact that Plaintiffs have pursued an attorney malpractice case against Klein and Folchetti, *Alaimo et al. v. Klein and Folchetti et al.*, No. 07-CV-7623 (S.D.N.Y.), a case which is still ongoing at the present time. As a result, Plaintiffs cannot allege that but for Defendant's refusal to represent Plaintiff in their action against Klein and Folchetti, Plaintiffs would have been able to timely sue Klein and Folchetti. Therefore, Plaintiffs have failed to state a claim for attorney malpractice based on Defendant's alleged delay tactics.

The Court understands fully that Plaintiffs have been through much since the auto

13

accident, and have pursued legal avenues to redress what they believe was a wrong. And, the Court accepts that Plaintiffs were disappointed and frustrated by the unfavorable verdict and appeal in the GM case. However, the question before this Court is a limited one and does not involve reconsideration of that verdict. Instead, the sole question before the Court is whether Plaintiffs have alleged enough to state a claim of malpractice by Defendant. The Court finds that Plaintiffs have not done so.

### III. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED, and Defendant's Motion to Dismiss for failure to state a claim is GRANTED. The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 12), and close this case.

SO ORDERED.

Dated:   September 9, 2008
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

<u>Service List by Mail:</u>

Vincent Alaimo
Susan Alaimo
Minette Alaimo
P.O. Box 488
Ferndale, NY 12734
(845) 436-4414
*Pro se Plaintiffs*

Ronald Cohen, Esq.
722 Dock Street
Wilmington, NC 10006
(910) 409-4345
Email: rcohen@bradfordproducts.com
*Pro se Defendant*